UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 15-9757 PA (RAOx) | Date | December 30, 2015 |
|---|---|---|---|
| Title | B. Rock Choe v. State of California Division of Workers' Compensation, et al. | | |

| Present: The Honorable | PERCY ANDERSON, UNITED STATES DISTRICT JUDGE | |
|---|---|---|
| Stephen Montes Kerr | Not Reported | N/A |
| Deputy Clerk | Court Reporter | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| None | None |

**Proceedings:**     IN CHAMBERS – ORDER TO SHOW CAUSE

The Court is in receipt of Plaintiff's Complaint naming the State of California Division of Workers' Compensation and the State of California Workers' Compensation Appeals Board (collectively "Defendants") as defendants.  Plaintiff asserts two causes of action for violations of: (1) 42 U.S.C. § 1983 and; (2) his procedural due process rights under the Fourteenth Amendment to the United States Constitution.  Plaintiff seeks a declaration that he "was denied due process of law by Defendants' failure to ensure he received timely and adequate notice of the actions being taken by Defendants which acted to deny Plaintiff the benefits of his $316,570.66 worth of medical liens."  Plaintiff further seeks a declaration that he "is entitled to a new trial as to his $316,570.66 worth of liens."

The Eleventh Amendment to the United States Constitution grants states sovereign immunity against suits in federal court.  The State's sovereign immunity poses "a bar to federal jurisdiction over suits against non-consenting States." Alden v. Maine, 527 U.S. 706, 728–29, 119 S. Ct. 2240 (1999).  Unless a State has waived its sovereign immunity, the Eleventh Amendment bars federal suits for violations of federal law against a state, its agencies, or its departments.  Papasan v. Allain, 478 U.S. 265, 276, 106 S. Ct. 2932, 2939, 92 L. Ed. 2d 209 (1986); Mitchell v. Los Angeles Cmty. Coll. Dist., 861 F.2d 198, 201 (9th Cir. 1988) (citing Pennhurst State Sch. & Hosp. v. Halderman, 465 U.S. 89, 100, 104 S. Ct. 900, 907, 79 L. Ed. 2d 67 (1984) ("Under the eleventh amendment, agencies of the state are immune from private damage actions or suits for injunctive relief brought in federal court.")).

Several courts have held that the Eleventh Amendment bars suits against the Defendants in this action.  E.g., Smittick v. California Workers Comp. Appeals Bd., No. CV 10-02251 MMM (PJWx), 2010 WL 1929779, at *1–2  (C.D. Cal. May 11, 2010); Cisco Sys., Inc. v. California Workers' Comp. Appeals Bd., No. C 00-21092 JW, 2001 WL 34780587, at *5 (N.D. Cal. Mar. 20, 2001); see also Lee v. Workers' Comp. Appeals Bd. of State of California, 7 F. App'x 658 (9th Cir. 2001); Cazares v. California Workers Comp. Appeals Bd., 210 F.3d 382 (9th Cir. 2000); Sherman v. Berlin, 37 F.3d 1506 (9th Cir. 1994).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 15-9757 PA (RAOx) | Date | December 30, 2015 |
|---|---|---|---|
| Title | B. Rock Choe v. State of California Division of Workers' Compensation, et al. | | |

    Based on the foregoing, the Court orders Plaintiff to show cause in writing no later than January 25, 2016, why this action is not barred by the Eleventh Amendment.  No oral argument on this matter will be heard unless otherwise ordered by the Court.  The failure to adequately respond to this order by that date may result in the dismissal of this action without prejudice.

    IT IS SO ORDERED.