# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 15-9757 PA (RAOx) | Date | February 2, 2016 |
|---|---|---|---|
| Title | B. Rock Choe v. State of California Division of Workers' Compensation, et al. | | |

| Present: The Honorable | PERCY ANDERSON, UNITED STATES DISTRICT JUDGE | |
|---|---|---|
| Stephen Montes Kerr | Not Reported | N/A |
| Deputy Clerk | Court Reporter | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| None | None |

**Proceedings:** IN CHAMBERS – ORDER TO SHOW CAUSE

Before the Court is plaintiff B. Rock Choe's ("Plaintiff") Response to the Court's December 30, 2015 Order to Show Cause. The Court's Order to Show Cause required Plaintiff to show cause, in writing, why this action was not barred by the Eleventh Amendment. Plaintiff's Response explains that he has now filed a First Amended Complaint ("FAC") which no longer names any defendants which are entitled to sovereign immunity. The Court's December 30, 2015 Order to Show Cause is therefore discharged.

Plaintiff's FAC asserts one claim under 42 U.S.C. § 1983 and one claim under the procedural due process clause of the Fourteenth Amendment against defendants Ronnie Caplane, in her official capacity as Chair of the Workers' Compensation Appeals Board; Katherine Zalewski, in her official capacity as Board Member of the Workers' Compensation Appeals Board; Frank Bass, in his official capacity as Board Member of the Workers' Compensation Appeals Board; and Bonita Edelberg, in her official capacity as Administrative Law Judge of the Workers' Compensation Appeals Board (collectively "Defendants").

Plaintiff's claims for violations of his constitutional rights appears to be barred by the doctrine of judicial immunity. See Mireles v. Waco, 502 U.S. 9, 9-10, 112 S. Ct. 286, 288, 116 L. Ed. 2d 9 (1991). Administrative law judges are "entitled to quasi-judicial immunity, so long as they perform functions similar to judges . . . in a setting like that of a court." Hirsh v. Justices of Supreme Court of State of Cal., 67 F.3d 708, 715 (9th Cir. 1995) (quoting Butz v. Economou, 438 U.S. 478, 511-17, 98 S. Ct. 2894, 2913-16, 57 L. Ed. 2d 895 (1978)); see also Franceschi v. Schwartz, 57 F.3d 828, 830 (9th Cir. 1995). A judge may not be deprived of immunity even if "the action he took was in error, was done maliciously, or was in excess of his authority." Stump v. Sparkman, 435 U.S. 349, 356, 98 S. Ct. 1099, 1105, 55 L. Ed. 2d 331 (1978); see also Harvey v. Waldron, 210 F.3d 1008, 1012 (9th Cir. 2000).

Additionally, it appears that Plaintiff has failed to allege facts demonstrating a violation of his due process rights. California law provides both a mechanism by which Plaintiff may seek review of the conduct alleged in the FAC, and specifies the proper court before which such review may proceed:

Any person affected by an order, decision, or award of the appeals board

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 15-9757 PA (RAOx) | Date | February 2, 2016 |
|---|---|---|---|
| Title | B. Rock Choe v. State of California Division of Workers' Compensation, et al. | | |

> may, within the time limit specified in this section, apply to the Supreme Court or to the court of appeal for the appellate district in which he resides, for a writ of review, for the purpose of inquiring into and determining the lawfulness of the original order, decision, or award or of the order, decision, or award following reconsideration. The application for writ of review must be made within 45 days after a petition for reconsideration is denied, or, if a petition is granted or reconsideration is had on the appeal board's own motion, within 45 days after the filing of the order, decision, or award following reconsideration.
>
> * * *
>
> No court of this state, except the Supreme Court and the courts of appeal to the extent herein specified, has jurisdiction to review, reverse, correct, or annul any order, rule, decision, or award of the appeals board, or to suspend or delay the operation or execution thereof, or to restrain, enjoin, or interfere with the appeals board in the performance of its duties but a writ of mandate shall lie from the Supreme Court or a court of appeal in all proper cases.

Cal. Lab. Code §§ 5950, 5955.

The Supreme Court has made clear that "an unauthorized intentional deprivation of property by a state employee does not constitute a violation of the procedural requirements of the Due Process Clause of the Fourteenth Amendment if a meaningful postdeprivation remedy for the loss is available." Hudson v. Palmer, 468 U.S. 517, 533, 104 S. Ct. 3194, 3204, 82 L. Ed. 2d 393 (1984). Therefore, "a complaint does not state a valid procedural due process objection-and a valid § 1983 claim-if it does not include a challenge to the fundamental fairness of the State's procedures. . . . [I]f a procedural due process claim lacks a colorable objection to the validity of the State's procedures, no constitutional violation has been alleged." Daniels v. Williams, 474 U.S. 327, 339-40, 106 S. Ct. 677, 679, 88 L. Ed. 2d 662 (1986) (Stevens, J., concurring); see also Brown v. Kautzky, 999 F.2d 542 (9th Cir. 1993) (holding that where a plaintiff "has a meaningful post-deprivation remedy in the state system, the district court properly dismissed [plaintiff's] Fourteenth Amendment Due Process claims."). Finally, for purposes of alleging a due process violation, it is immaterial that Plaintiff may now be time-barred from asserting his right to review under California Labor Code § 5950. See Myers v. Koopman, 738 F.3d 1190, 1193-94 (10th Cir. 2013) ("[Plaintiff] contends that in his case the state tort remedy is inadequate because it is now time-barred. We reject that argument as well."); see also Craig v. Doe, 921 F.2d 279, 1990 WL 212679, *1 n. 2 (9th Cir. 1990) (unpublished).

For all of these reasons, Plaintiff is ordered to show cause in writing by February 16, 2016, why this action should not be dismissed. Plaintiff has now amended his complaint once as a matter of course. See Fed. R. Civ. P. 15(a). Plaintiff may not further amend his complaint absent leave of the

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 15-9757 PA (RAOx) | Date | February 2, 2016 |
|---|---|---|---|
| Title | B. Rock Choe v. State of California Division of Workers' Compensation, et al. | | |

Court. Plaintiff's response, which shall not exceed twenty (20) pages, should address each of the issues raised in this Order. If Plaintiff does not respond to this Order to Show Cause, this action will be dismissed without further notice from the Court.

    IT IS SO ORDERED.